NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENE CONSTANTINO CHAVEZ-VASQUEZ; BRANDON JAHIR CHAVEZ-ROBLES, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-71542 <br><br> Agency Nos. A208-750-979 <br> A208-750-980 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Rene Constantino Chavez-Vasquez ("Chavez") and his son Brandon Jahir

Chavez-Robles, both natives and citizens of Honduras, petition pro se for review of

the Board of Immigration Appeals' ("BIA") decision dismissing their appeal of an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") decision denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

"Where, as here, the Board adopts the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994) and provides its own review of the evidence and law, we review the decisions of both the BIA and the IJ." *Udo v. Garland*, 32 F.4th 1198, 1202 (9th Cir. 2022). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). In particular, we review for substantial evidence the agency's determinations that "a petitioner's past harm 'do[es] not amount to past persecution'" and that the petitioner "has not demonstrated a well-founded fear of future persecution." *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021) (citation omitted). "Consistent with this level of deference, we may grant a petition only if the petitioner shows that the

---

[1] Chavez's son, Brandon Jahir Chavez Robles, is a derivative beneficiary of Chavez's asylum application. *See* 8 U.S.C. § 1158(b)(3)(A); 8 C.F.R. § 1208.21. As there is no derivative status for withholding of removal and CAT protection, and Chavez's son did not file his own application, his son is not eligible for those forms of relief. *See Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005).

evidence '*compels* the conclusion' that the BIA's decision was incorrect." *Id.* at 1060 (emphasis in original) (citation omitted).

1. Substantial evidence supports the agency's conclusion that Chavez is not eligible for asylum because he has not demonstrated past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i) (requirements for asylum eligibility). "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Duran-Rodriguez*, 918 F.3d at 1028 (internal quotation marks and citation omitted).

Here, Chavez's asylum claim is based on two visits to his home by members of the Mara Salvatrucha ("MS-13") gang. In both visits, taking place about five days apart, the gang members demanded that he give them money and help them with their criminal activities, or else his family would "pay the consequences." Although one gang member pointed a gun at him, no one committed physical violence against Chavez, his common-law wife, or their children. After the second visit, Chavez and his family left to stay with his sister some twenty minutes away in the same city.

The vague, unfulfilled threats by the gang are insufficient to compel a finding of past persecution. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) ("Mere threats, without more, do not necessarily compel a finding

3

of past persecution."); *Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.'" (citation omitted)).

Nor does the record compel a finding that Chavez has an objectively reasonable fear of future persecution. *See Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018) (holding that a well-founded fear must be subjectively genuine and objectively reasonable). Despite Chavez's subjective fear of the MS-13 gang, he testified that his common-law wife and two daughters, who were present during the gang visits, have been living safely in Honduras with his sister. *See Sharma*, 9 F.4th at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."). Chavez also proffered evidence about his cousins being killed in Honduras, but nothing in the record, aside from Chavez's belief, shows they were killed by the MS-13 gang.

In addition, Chavez failed to establish that any persecution was or would be on account of a protected ground. According to his testimony, he believed the gang visited him because he was charging people money for using his home internet service: the gang wanted his help "in a monetary manner." Nothing in the record shows that he was targeted because of his race, religion, nationality, membership in a particular social group, or political opinion. "An alien's desire to

4

be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Therefore, substantial evidence supports the agency's denial of asylum.

2. Substantial evidence also supports the agency's denial of withholding of removal. Because Chavez failed to carry the lower burden of proof for asylum eligibility, he necessarily cannot meet the more stringent standard for withholding of removal. *See Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) ("[A]n applicant who is unable to show a 'reasonable possibility' of future persecution 'necessarily fails to satisfy the more stringent standard for withholding of removal.'" (citation omitted)).

3. Finally, Chavez has waived the agency's denial of CAT protection because he does not mention it in his brief. *See Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019) (noting that an issue not raised in the opening brief is deemed waived). But even if the issue were not waived, the record does not compel a finding that it is more likely than not that he will be tortured by or with the consent of the Honduran government upon his return. *See Sharma*, 9 F.4th at 1067 (holding that where past harms do not rise to the level of persecution, they necessarily fall short of the definition of torture).

**PETITION DENIED.**